1  Jeanne L. Zimmer, Esq. (State Bar No. 123321)
   ZimmerJ@cmtlaw.com
2  Martin Schannong, Esq. (State Bar No. 243297)
   SchannoM@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant
   NATIONAL CREDIT SYSTEMS, INC.
7

8                    UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
10

11 TARA PACKER,                    ) CASE NO. 2:10-CV-00533-E
                                   )
12              Plaintiff,         )
                                   ) **ANSWER TO COMPLAINT**
13       vs.                       )
                                   )
14 NATIONAL CREDIT SYSTEMS,        )
   INC.,                           )
15                                 )
                Defendant.         )
16                                 )
                                   )
17                                 )
                                   )
18                                 )

19       COMES NOW Defendant NATIONAL CREDIT SYSTEMS, INC.
20 ("Defendant") and answers the Complaint of Plaintiff TARA PACKER ("Plaintiff")
21 as follows:

22                           **INTRODUCTION**

23       1.    Paragraph 1 of Plaintiff's Complaint contains no affirmative allegations
24 against Defendant. To the extent said paragraph is deemed to contain any
25 affirmative allegations against Defendant, Defendant denies the same.
26       2.    Paragraph 2 of Plaintiff's Complaint contains no affirmative allegations
27 against Defendant. To the extent said paragraph is deemed to contain any
28 affirmative allegations against Defendant, Defendant denies the same.

                                      1

## JURISDICTION AND VENUE

3. Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint as they constitute legal conclusions.

4. Defendant admits that it conducts business in California. Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint as they constitute legal conclusions.

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint as they constitute legal conclusions.

6. Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint as they constitute legal conclusions.

## PARTIES

7. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint as they are vague and ambiguous, lack foundation, constitute legal conclusions, and because Defendant lacks sufficient knowledge to respond to them.

9. Defendant admits that it is a debt collector. Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint as hey are vague and ambiguous, lack foundation, constitute legal conclusions, and because Defendant lacks sufficient knowledge to respond to them.

10. Defendant admits that it has an office in Atlanta, Georgia. Defendant denies that it is a "national company" as said term is vague and ambiguous.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint as they are vague and ambiguous, lack foundation, and because Defendant lacks sufficient knowledge to respond to them.

## FACTUAL ALLEGATIONS

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint as they are vague and ambiguous, lack foundation, and because

Defendant lacks sufficient knowledge to respond to them at this time.

13.  Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint as they are vague and ambiguous, lack foundation, and because Defendant lacks sufficient knowledge to respond to them at this time.

14.  Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint as they are vague and ambiguous, lack foundation, and because Defendant lacks sufficient knowledge to respond to them at this time.

15.  Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint as they are vague and ambiguous, lack foundation, and because Defendant lacks sufficient knowledge to respond to them at this time.

16.  Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint as they are vague and ambiguous, lack foundation, and because Defendant lacks sufficient knowledge to respond to them at this time.

17.  Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint as they are vague and ambiguous, lack foundation, and because Defendant lacks sufficient knowledge to respond to them at this time.

## COUNT I

18.  Defendant denies the allegations in Paragraph 18, including sub-parts (a) through (d), of Plaintiff's Complaint. Moreover, Defendant denies these allegations as they constitute legal conclusions.

19.  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 19 of Plaintiff's Complaint.

20.  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 20 of Plaintiff's Complaint.

21.  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 21 of Plaintiff's Complaint.

22.  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 23 of Plaintiff's Complaint.

## COUNT II

24. Defendant incorporates by reference its responses to Paragraphs 1-23 above, and denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations in Paragraph 25, including sub-part (a), of Plaintiff's Complaint. Moreover, Defendant denies these allegations as they constitute legal conclusions.

26. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 30 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

31. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

32. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statutes of limitations.

/ / /

/ / /

### THIRD AFFIRMATIVE DEFENSE

33. As a separate, affirmative defense, Defendant alleges that its alleged actions were proper and did not violate any provisions of 15 U.S.C. § 1692 *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

34. As a separate, affirmative defense, Defendant alleges that its alleged actions were proper and did not violate any provisions of California Civil Code § 1788 *et seq*.

### FIFTH AFFIRMATIVE DEFENSE

35. As a separate, affirmative defense, Defendant alleges that its conduct, communications, disclosures and actions, if any, were privileged pursuant to, *inter alia*, 15 U.S.C. § 1692k(c), California Civil Code § 1785.32, California Civil Code § 47, and applicable case law.

### SIXTH AFFIRMATIVE DEFENSE

36. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### SEVENTH AFFIRMATIVE DEFENSE

37. As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff.

///
///
///
///

### EIGHTH AFFIRMATIVE DEFENSE

38.  As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINTH AFFIRMATIVE DEFENSE

39.  As a separate, affirmative defense, Defendant alleges that it at all times alleged in Plaintiff's Complaint maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act and/or the Rosenthal Fair Debt Collection Practices Act.

### TENTH AFFIRMATIVE DEFENSE

40.  As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), 1692k(a)(3) and 1692k(b)(1).

### ELEVENTH AFFIRMATIVE DEFENSE

41.  As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by California Civil Code § 1788.30.

### TWELFTH AFFIRMATIVE DEFENSE

42.  As a separate, affirmative defense, Defendant alleges any recovery to Plaintiff is barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

43.  As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

44. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

45. The Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

## SIXTEENTH AFFIRMATIVE DEFENSE

46. As a separate, affirmative defense, Defendant alleges Defendant did not breach any legal duty to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

47. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are barred by res judicata or collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

48. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

49. As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

///
///
///

### TWENTIETH AFFIRMATIVE DEFENSE

50. As a separate, affirmative defense, Defendant alleges that Plaintiff unreasonably delayed in asserting her claims in this litigation and on that basis her claims are barred by the doctrine of laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

51. As a separate, affirmative defense, Defendant alleges that Plaintiff is not entitled to declaratory relief under the FDCPA and RFDCPA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

52. As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

WHEREFORE, Defendant NATIONAL CREDIT SYSTEMS, INC. prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

DATED: April 12, 2010               CARLSON & MESSER LLP

                                    By   s/ Martin Schannong
                                         Jeanne L. Zimmer
                                         Martin Schannong
                                         Attorneys for Defendant
                                         NATIONAL CREDIT SYSTEMS, INC.